DOMINGO BELTRÁN MOLINA ET AL., Plaintiffs and Appellants, v. SUCESIÓN J. SERRALLÉS, Defendant and Appellee.

No. 9909. Argued May 2, 1949.—Decided June 15, 1949.

*Benjamín* and *Álvaro Ortiz* for appellants. *Enrique Báez García* and *Leopoldo Tormes García* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

Domingo Beltrán Molina was employed by Sucesión J. Serrallés from 1937 to 1944. As one of the emoluments of his employment, he was permitted to live with his wife and children in a house belonging to and located on the property of the Sucesión. He had the exclusive use of the house and a plot of ground surrounding it on which he grew some minor crops. The house is situated some distance from the road, within an enclosure utilized by the Sucesión to care for its cattle and horses.

In order to protect himself and his family from the cattle, Beltrán built a barbed wire fence around the house. For some weeks prior to December 14, 1944, a part of this fence was on the ground, with some broken posts. On that date, while a four-year old child of Beltrán was playing in the patio of the house, a mare belonging to the Sucesión came through the broken part of the fence and kicked the child in the forehead. The child died as a result of this blow and Beltrán and his wife sued the Sucesión for damages. After a trial on the merits, judgment was entered for the defendant and the plaintiffs appealed.

██ Section 1805 of the Civil Code, 1930 ed., reads as follows:

"The possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even when said animal should escape from him or stray.

"This liability shall cease only in case the damage should arise from *force majeure* or from the fault of the person who may have suffered it."

Under § 1805 negligence of the owner of the animal which caused the injury need not be shown. Liability is predicated upon the mere fact of ownership. On the other hand, there

is no liability if the injury is due to the fault of the person who suffered it. *Ferrer* v. *Rivera*, 56 P.R.R. 480, and cases cited; *Vélez* v. *Orozco*, 59 P.R.R. 519; *Ruiz* v. *Solís*, 61 P.R.R. 787. Cf. 2 Restatement, Torts, § 484, p. 1264.

 This is not a case brought by a father with *patria potestas* on behalf of his injured child. Cf. *Gigante* v. *Alvarez*, 48 P.R.R. 484. The question of whether in a suit for the benefit of the child we would find a four-year child guilty of a fault as defined by § 1805 is therefore not involved in this case. Cf. *Castro* v. *González*, 58 P.R.R. 369, 383; *Hernández* v. *Acosta*, 64 P.R.R. 166; *Figueroa* v. *Picó*, 69 P.R.R. 372.

The question presented by this case is whether the owner of the animal may plead the negligence of the father of the child killed by the animal in a suit brought by the parents for their own benefit. We have held that *culpa* or fault means the same thing in § 1805 as it does in § 1802. *Troche* v. *Matos*, 52 P.R.R. 271. And we have indicated that defendants may raise the defense of a parent's negligence in a suit by the parents under § 1802 for death of a child. See *Bonilla* v. *Loíza Sugar Co.*, 67 P.R.R. 359; *Castro* v. *González, supra*, p. 384; *Hernández* v. *Acosta, supra*, p. 176. See also, Annotations, 23 A.L.R. 670; 69 A.L.R. 478; Prosser on Torts, pp. 422–24. Cf. 2 Restatement, Torts, §§ 493, 496, pp. 1279, 1285. By the same token, when the parents sue on their own behalf under § 1805, the defendant is entitled to raise the defense that death resulted from their negligence. We reach this conclusion despite the fact that, literally speaking, the defense is predicated under § 1805 on "the fault of the person who may have suffered [the injury]."

██ Using the foregoing approach, the district court concluded that the accident occurred due to the fault of Beltrán. Its reasoning was as follows: The proximate cause of the accident was the failure to keep the fence repaired. Beltrán was in possession of the house under a right of habitation. *Padua* v. *Municipal Court*, 55 P.R.R. 781; *Sucn.*

*J. Serrallés* v. *Loyola*, 67 P.R.R. 201; *Escudero* v. *District Court, ante*, p. 34. Under §§ 455 and 458 of the Civil Code it was the duty of Beltrán to make the ordinary repairs on the property he was using. As he had constructed the fence as a necessary element to exercise his right of habitation, it was his duty to make the ordinary repairs for its maintenance.

The district court then used the following language: "The fact that the defendant, on some occasion, repaired the said fence at the request of the plaintiff does not alter our conclusion in the absence of a showing that the defendant agreed to repair for its account the fence as a part of its contract with the plaintiff. Assuming, nevertheless, that the defendant had obligated itself to make such repairs, the proof of the plaintiff fails to demonstrate satisfactorily that there was such a request of the defendant. On the contrary, the witness of the defendant, Ramón Antonio Delgado, first mayordomo of Hacienda Barrancas, testified that nobody called his attention to the condition of the fence and that as the defendant had some fence-fixers as permanent employees, if such a notification had been given he would have ordered the fence fixed. We therefore conclude that, even assuming the defendant was obliged to repair the fence, the plaintiff Domingo Beltrán Molina was negligent in failing to notify the defendant of the condition of the fence and in permitting it to remain in that condition for several weeks. The plaintiff was, in any event, negligent and to his fault must be imputed the accident which caused the death of his child."

As we agree with the foregoing reasoning and have nothing to add thereto, the judgment of the district court will be affirmed.